# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re:<br><br>CHARLOTTE J. DEMESONES,<br><br>    Debtor. | Case No. 07-13270-RGM<br>(Chapter 7) |
| In re:<br><br>RONALD SHARPE and<br>RUTH SHARPE,<br><br>    Debtors. | Case No. 08-12861-RGM<br>(Chapter 7) |
| In re:<br><br>JOSEPH PETER KELLER and<br>JEAN FLORENCE KELLER,<br><br><br>    Debtors. | Case No. 08-13121-RGM<br>(Chapter 7) |
| In re:<br><br>HAROLD W. JACKSON,<br><br>    Debtor. | Case No. 08-12860-RGM<br>(Chapter 7) |
| In re:<br><br>ANTHONY JOHN RONGIONE and<br>MARZENA ANNA RONGIONE,<br><br>    Debtors. | Case No. 08-12568-RGM<br>(Chapter 7) |
| In re:<br><br>KEVIN LYNN HOLLIDAY and<br>JOAN ELIZABETH HOLLIDAY,<br><br>    Debtors. | Case No. 08-12988-RGM<br>(Chapter 7) |

**MEMORANDUM OPINION**

The United States Trustee filed motions to dismiss each of the captioned cases for abuse. He contends that they should be dismissed for presumptive abuse under §707(b)(2), or, in the alternative, actual abuse under §707(b)(3).

The United States Trustee agrees that the means test as calculated by each debtor does not raise a presumption of abuse. However, he points out, each debtor intends to surrender secured property and if each means test is re-computed without the secured debt on the property to be surrendered, a presumption of abuse arises. The United States Trustee argues that the debtors may not include in their means test calculations the amount "scheduled as contractually due to secure creditors" for debts secured by property they intend to surrender. 11 U.S.C. §707(b)(2)(A)(iii)(I). The debtors argue that they may.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L.No. 109-8, 119 Stat. 23, addressed a concern that individuals who could successfully complete a chapter 13 plans were unreasonably filing chapter 7 cases. *See* H.R. Rep. No. 109-31(I), at 5 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 92. Congress sought to reduce this type of abuse by amending §707(b). It changed the standard for dismissal from "substantial abuse" to "abuse"; repealed the presumption in favor of granting relief under chapter 7; and, for the first time, established a bright-line means test for eligibility under chapter 7. The means-test calculation, although lengthy, is straight forward. It is made when the case is filed. It gives a quick and definitive answer.[1]

---

[1] The ability of a debtor to rebut the presumption of abuse in §707(b)(2) is very limited, both substantively and procedurally. Throughout the congressional debate over abuse, Congress was careful to reaffirm the availability of bankruptcy relief for the honest but unfortunate debtor. The debate was over how to distinguish between the honest but unfortunate debtors and abusive filers. Reading the means test as written together with the limited ability to rebut the presumption of abuse and the continuation of the totality of the circumstances test for abuse (but no longer requiring substantial abuse) furthers the stated objectives of maintaining bankruptcy relief for honest but unfortunate debtors while
(continued...)

The heart of the present dispute is the treatment of secured debt. The statute now states:

> The debtor's average monthly payments on account of secured debt shall be calculated as of the sum of –
>
> (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition.

11 U.S.C. §707(b)(2)(A)(iii)(I).

There is a split of authority in decided cases on this issue. The split is over whether this provision reflects the debtor's present financial position (that is, at the time he files the petition), or the debtor's anticipated future financial position. The growing majority permits the inclusion of scheduled secured debt payments. *See, e.g., Lynch v. Haenke (In re Lynch),* ___ F.Supp.2d ___, (E.D.N.C.2008), 2008 WL 4483734; *In re Louis,* 2008 WL 1777461 (Bankr.E.D.Va. April 16, 2008) (issue discussed but not decided); *In re Lynch,* 368 B.R. 487 (Bankr.E.D.Va.2007) (issue discussed in chapter 13 context). *Lynch v. Haenke* and *In re Lynch* represent the better reasoned cases and permit debtors to deduct the expenses of secured debts even though they intend to surrender the asset. The court will follow them.

Among other reasons supporting this conclusion, the word "scheduled" has a particular and well-accepted meaning in bankruptcy. A scheduled debt is one that is listed on the debtor's schedules. 11 U.S.C. §521(a). Even if a debtor intends to surrender collateral securing a debt the debt must still be scheduled as a secured debt. Reading the provision as including only those secured debts that a debtor intends to continue paying renders the words "scheduled as" superfluous. The provision would mean the same thing with them as without them. The Supreme Court stated:

---

[1](...continued)
distinguishing between them and abusive filers.

3

> It is "a cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Duncan v. Walker,* 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (internal quotation marks omitted); *see United States v. Menasche,* 348 U.S. 528, 538-539, 75 S.Ct. 513, 99 L.Ed. 615 (1955) ("It is our duty 'to give effect, if possible, to every clause and word of a statute.'" (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152, 2 S.Ct. 391, 27 L.Ed. 431 (1883))).

*See TRW, Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 449, 151 L.Ed.2d 339 (2001).

The fact that the secured debt will not be actually paid is not a compelling argument. The means-test calculation includes other expenses that will not be actually incurred. Congress intended to bring uniformity to the means-test calculation under §707(b)(2) by using the Internal Revenue Service's National Standards and Local Standards as part of a standard measure for eligibility. Congress intended to exclude some actual expenses from the means test because they are not included in the IRS' hypothetical expenses. Conversely, Congress knew that some IRS hypothetical expenses not actually made by debtors would be included in the means-test calculations. A uniform standard helps some and hurts some, but it brings uniformity to the analysis. The point of §707(b)(2) was to create a quick, easy and definitive test to distinguish between honest but unfortunate debtors and abusive filers.

The eligibility analysis does not end with the means test. There are two eligibility tests, the presumptive abuse test under §707(b)(2) and the actual abuse test under §707(b)(3). Congress retained the original actual abuse test but modified it by reducing the standard from substantial abuse to abuse. It expressly adopted the totality of the circumstances test, the same test used before the amendments. *Green v. Staples (In re Green)*, 934 F.2d 568 (4th Cir. 1991). Although there is a change in the standard of the test from substantial abuse to abuse, the mode of analysis set out in *Green* remains valid. The burden on the proponent has been reduced, but the totality of the

4

circumstances analysis remains.  11 U.S.C. §707(b)(3)(B).

The totality of the circumstances test is independent of the means test.  Satisfaction of the means test does not imply satisfaction of the totality of the circumstances test.  The *Green* factors are considered under §707(b)(3) without regard to the means test under §707(b)(2).  Under *Green*, the debtor's projected future income and expenses are a significant factor.  A debtor's intent to surrender property, as in these cases, affects the debtor's anticipated actual future expenses and is a factor in the totality of the circumstances.

The debtors satisfied the means test under §707(b)(2) in these cases.  They are not required to reduce their means-test expenses by the secured debts that would have been paid over the 60-month period of a chapter 13 plan had they retained the property, notwithstanding that they intend to surrender the collateral.  However, the court must determine under the totality of the circumstances test whether these cases should be dismissed for abuse under §707(b)(3).  This analysis will consider the effect of the surrender of the property among other circumstances.

Although there was an evidentiary hearing in *Demesones*, the court had not ruled on the legal standard applicable under §707(b)(3).  The parties may wish to present further evidence in light of this ruling and the matter will be set for a status hearing.  Evidentiary hearings will be scheduled in the remaining cases.

Alexandria, Virginia
October 24, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Robert R. Weed
Jack Frankel
Richard A. Bartl
Justin M. Reiner
David C. Jones, Jr.
Donald F. King
Richard Owen Bolger
Priscilla G. Bormann
Michael E. Levy
Robert O. Tyler

14624